```
                   UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF COLUMBIA
```

_____
                                    )
**JUDICIAL WATCH, INC.,**           )
                                    )
    **Plaintiff,**        )
                                    )
    v.                    )     Civil Action No. 09-2138 (RWR)
                                    )
**BOARD OF GOVERNORS OF THE**       )
**FEDERAL RESERVE SYSTEM,**         )
                                    )
    **Defendant.**         )
_____)


<u>MEMORANDUM OPINION</u>

Plaintiff Judicial Watch, Inc. brings this action against the Board of Governors of the Federal Reserve System ("the Board"), alleging a violation of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, arising out of Judicial Watch's request for the visitor logs from the offices of Ben Bernanke, the Chairman of the Board, and Kevin Warsh, a member of the Board. The Board has moved for summary judgment. Because material facts are not in dispute and the record shows unequivocally that the Board fulfilled its obligations under the FOIA, its motion for summary judgment will be granted.

<u>BACKGROUND</u>

The Board's security office maintains a log of visitors who come to the Board's buildings to see Board governors and staff. (Def.'s Mem. of P. & A. in Supp. of Def.'s Mot. for Summ. J. ("Def.'s Mem."), Thro Decl. ¶ 7.) Judicial Watch submitted a

FOIA request seeking "any and all visitor logs for meetings" with Bernanke and Warsh from August 2007 to the date of the request, September 2, 2009. (Def.'s Stmt. of Material Facts Not In Genuine Dispute ¶ 1.[1]) Each log contained a column for the visitor's last name, first name, and organization, the Board employee visited, and the date. (Id. ¶ 6.) In response to the FOIA request, the Board produced to Judicial Watch the logs but redacted the names, and, in two instances, the organizations for entries identified as personal visits. (Id. ¶¶ 6, 8.) Judicial Watch brought this action complaining that the Board improperly redacted the personal entries. The Board has moved for summary judgment,[2] arguing that its redactions were proper under Exemption 6 of the FOIA because disclosing the names of the personal visitors would have constituted an unwarranted invasion of personal privacy.

## DISCUSSION

Summary judgment may be granted when the materials in the record show "that there is no genuine dispute as to any material

---

[1] All facts cited from the Board's Statement of Material Facts are not disputed by Judicial Watch.

[2] Judicial Watch states in its opposition to the Board's motion for summary judgment that it "hereby moves for summary judgment" on its FOIA claim. (Pl.'s Opp'n to Def.'s Mot. for Summ. J. at 1.) However, the April 6, 2010 Scheduling Order set a dispositive motions deadline of April 29, 2010. Because Judicial Watch did not submit its filing until after the dispositive motions deadline, the filing will be treated only as an opposition to the Board's motion for summary judgment.

fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Moore v. Hartman, 571 F.3d 62, 66 (D.C. Cir. 2009). A court considering a motion for summary judgment must draw all "justifiable inferences" from the evidence in favor of the nonmovant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). In a FOIA suit, an agency is entitled to summary judgment if it demonstrates that no material facts are in dispute and that all information that falls within the class requested either has been produced, is unidentifiable, or is exempt from disclosure. Students Against Genocide v. Dep't of State, 257 F.3d 828, 833 (D.C. Cir. 2001); Weisburg v. U.S. Dep't of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980). A district court must conduct a *de novo* review of the record in a FOIA case, and the agency resisting disclosure bears the burden of persuasion in defending its action. 5 U.S.C. § 552(a)(4)(B); see also Akin, Gump, Strauss, Hauer & Feld, LLP v. U.S. Dep't of Justice, 503 F. Supp. 2d 373, 378 (D.D.C. 2007).

I.  ADEQUACY OF SEARCH

FOIA requires that government agencies make good faith efforts to conduct reasonable searches for all records that are responsive to FOIA requests. Baker & Hostetler LLP v. U.S. Dep't of Commerce, 473 F.3d 312, 318 (D.C. Cir. 2006). An agency is entitled to use detailed non-conclusory affidavits or declarations that are submitted in good faith to show that the

search it conducted in response to a FOIA request is adequate. Steinberg v. U.S. Dep't of Justice, 23 F.3d 548, 551-52 (D.C. Cir. 1994) (stating that the affidavits or declarations must describe "what records were searched, by whom, and through what process"). Judicial Watch requested "any and all visitor logs for meetings" with Bernanke and Warsh from August 2007 to the date of the request, September 2, 2009. (Def.'s Mem., Thro Decl. ¶ 3.) In response to the request, the Board searched for "the logs for visitors to Chairman Bernanke and Governor Warsh for the period August 1, 2007 through September 9, 2009." (Id. ¶ 7.) The affidavit demonstrates that the search was reasonably likely to produce results responsive to Judicial Watch's request. Judicial Watch has not rebutted this affidavit on this issue, nor has it otherwise challenged the search's adequacy. Thus, the Board's search was adequate.

II. WITHHOLDINGS

The FOIA requires agencies to comply with requests to make their records available to the public, unless information is exempted by clear statutory language. 5 U.S.C. §§ 552(a), (b); Oglesby v. U.S. Dep't of Army, 79 F.3d 1172, 1176 (D.C. Cir. 1996). Although there is a "strong presumption in favor of disclosure," U.S. Dep't of State v. Ray, 502 U.S. 164, 173 (1991), there are nine exemptions to disclosure set forth in 5 U.S.C. § 552(b). These exemptions are to be construed as

narrowly as possible to maximize access to agency information, which is one of the overall purposes of the FOIA. <u>Vaughn v. Rosen</u>, 484 F.2d 820, 823 (D.C. Cir. 1973).

Because the party requesting disclosure cannot know the precise contents of the documents withheld, it is at a disadvantage to claim misapplication of an exemption, and a factual dispute may arise regarding whether the documents actually fit within the cited exemptions. <u>Id.</u> at 823-24. To provide an effective opportunity for the requesting party to challenge the applicability of an exemption and for the court to assess the exemption's validity, the agency must explain the specific reason for nondisclosure. <u>Id.</u> at 826; <u>see also</u> <u>Oglesby</u>, 79 F.3d at 1176 ("The description and explanation the agency offers should reveal as much detail as possible as to the nature of the document, without actually disclosing information that deserves protection."). Conclusory statements and generalized claims of exemption are insufficient to justify withholding. <u>Vaughn</u>, 484 F.2d at 826; <u>see also</u> <u>Mead Data Cent., Inc. v. U.S. Dep't of Air Force</u>, 566 F.2d 242, 251 (D.C. Cir. 1977) (noting that "the burden which the FOIA specifically places on the Government to show that the information withheld is exempt from disclosure cannot be satisfied by the sweeping and conclusory citation of an exemption" (footnote omitted)). However, the "materials provided by the agency may take any form so long as

they give the reviewing court a reasonable basis to evaluate the claim of privilege." Delaney, Migdail & Young, Chartered v. IRS, 826 F.2d 124, 128 (D.C. Cir. 1987) (referring to an index describing withheld material and the justification for withholding as a "Vaughn Index"). If the agency affidavits and Vaughn index "'contain reasonable specificity of detail rather than mere conclusory statements,'" then a plaintiff must point either to contradictory evidence in the record or provide independent evidence of agency bad faith to demonstrate that the agency improperly invoked an exemption. Williams v. FBI, 69 F.3d 1155, 1159 (D.C. Cir. 1995) (quoting Gallant v. NLRB, 26 F.3d 168, 171 (D.C. Cir. 1994)).

Exemption 6 of the FOIA provides that an agency may withhold "personnel . . . and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy[.]" 5 U.S.C. § 552(b)(6). The threshold inquiry is whether the requested information is contained in a type of file covered by the exemption. Wash. Post Co. v. U.S. Dep't of Health and Human Servs., 690 F.2d 252, 260 (D.C. Cir. 1982). Congress intended the term "similar files" to be construed broadly, U.S. Dep't of State v. Wash. Post. Co., 456 U.S. 595, 602 (1982), and the D.C. Circuit has held that "[a]ll information which applies to a particular individual is covered by Exemption 6, regardless of the type of file in which it is contained." Wash. Post Co. v.

U.S. Dep't of Health and Human Servs., 690 F.2d at 260 (internal quotation marks omitted). Judicial Watch does not dispute that the visitor logs are "similar files" that may be subject to Exemption 6. (Pl.'s Opp'n to Def.'s Mot. for Summ. J. ("Pl.'s Opp'n") at 6.) See also Kalwasinski v. Fed. Bureau of Prisons, No. 08 Civ. 9593 (PAC) (MHD), 2010 WL 2541363, at *8 (S.D.N.Y. 2010) (Report and Recommendation) (concluding that prison visitor logs are "similar files" under Exemption 6).

Once the threshold inquiry is satisfied, a court must determine whether disclosure would constitute a clearly unwarranted invasion of privacy. Wash. Post Co. v. U.S. Dep't of Health and Human Servs., 690 F.2d at 260. To make this determination, a court balances the public interest in disclosure against the individual privacy interests in the information contained in the files. Id. The requestor bears the burden of articulating a significant public interest, Schwaner v. Dep't of Army, 696 F. Supp. 2d 77, 82 (D.D.C. 2010), and of showing that disclosure would advance that interest. ACLU v. Dep't of Justice, 698 F. Supp. 2d 163, 165 (D.D.C. 2010). "The only public interest to be considered under the FOIA is the extent to which disclosure 'advances the citizens' right to be informed about what their government up to.'" Hertzberg v. Veneman, 273 F. Supp. 2d 67, 87 (D.D.C. 2003) (quoting Nat'l Ass'n of Home Builders v. Norton, 309 F.3d 26, 34 (D.C. Cir. 2002)).

Conversely, there is no public interest in disclosure of information about private citizens that reveals "'little or nothing about an agency's own conduct.'"  Reed v. NLRB, 927 F.2d 1249, 1251 (D.C. Cir. 1991) (quoting U.S. Dep't of Justice v. Reporters Comm. for Freedom of Press, 489 U.S. 749, 773 (1989)).  On the other side of the balance, an individual has a privacy interest in the presence of his name on a list if "many parties in addition to the party making the initial FOIA request would be interested in obtaining" the name.  Nat'l Ass'n of Retired Fed. Employees v. Horner, 879 F.2d 873, 876 (D.C. Cir. 1989); see also Blazy v. Tenet, 979 F. Supp. 10, 24 (D.D.C. 1997) (finding that individuals have a privacy interest in "protecting the fact that their names appear" in CIA Employee Review Panel files).

Judicial Watch argues that the public has an interest "in full disclosure about the activities of powerful government officials during one of the greatest economic disasters in United States history[,]" and that, with the exception of visitors identified as family members, the private visitors "could have been anyone, meeting high level government officials for what, at the moment, are completely unknown purposes."  (Pl.'s Opp'n at 7.)  However, the Board staff charged with responding to Judicial Watch's FOIA request confirmed with the offices of Bernanke and Warsh that for all but one visitor whose log entry under "Organization" suggested a personal visit, "the visit was in fact

of a personal nature and was in no way business related."[3] (Def.'s Mem., Thro Decl. ¶ 8.)  Judicial Watch has not pointed to any evidence in the record suggesting that these visits were not of a personal nature, nor has it provided any independent evidence of bad faith.  Mere speculation that the visits may not have been, in fact, personal is insufficient to rebut the presumption of good faith accorded to the agency affidavit.  See SafeCard Servs., Inc. v. SEC, 926 F.2d 1197, 1200 (D.C. Cir. 1991).  Because the names of personal visitors reveal nothing about the Board's activities or conduct, there is no public interest in their disclosure.  On the other side of the balance, the visitors have at least some privacy interest in protecting their names from disclosure, as it is quite conceivable that parties other than Judicial Watch might be interested in obtaining the names of individuals personally affiliated with high-ranking members of the Board.  See Nat'l Ass'n of Retired Fed. Employees, 879 F.2d at 876.  Because this privacy interest is more than de minimis, the Board's withholding under Exemption 6 was proper.  See Schwaner, 696 F. Supp. 2d at 83 (noting that "'even a modest privacy interest outweighs nothing every time'"

---

[3] The Board staff review determined that one visitor designated as personal actually visited for nonpersonal reasons, and the Board did not withhold information about that visitor. (Def.'s Mem., Thro Decl. ¶ 8.)

(quoting Schoenman v. FBI, 575 F. Supp. 2d 136, 161 (D.D.C. 2008)).

III. SEGREGABILITY

An agency must disclose "[a]ny reasonably segregable portion" of an otherwise exempt record. 5 U.S.C. § 552(b). An agency cannot withhold non-exempt portions of a document unless they "are inextricably intertwined with exempt portions." Mead Data, 566 F.2d at 260. While an agency is presumed to have complied with its obligation to disclose non-exempt portions of the record, a "district court must make specific findings of segregability regarding the documents to be withheld." Sussman v. U.S. Marshals Serv., 494 F.3d 1106, 1117 (D.C. Cir. 2007). To demonstrate that the withholding agency has disclosed all reasonably segregable material, "the withholding agency must supply 'a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply.'" King v. U.S. Dep't of Justice, 830 F.2d 210, 224 (D.C. Cir. 1987) (quoting Mead Data, 566 F.2d at 251). Presenting a "comprehensive Vaughn index, describing each document withheld, as well as the exemption under which it was withheld" supplemented by an affidavit indicating that an agency official conducted a review of each document and determined that no document contains segregable information is

sufficient to fulfill the agency's obligation.  <u>See</u> <u>Johnson v. Exec. Office for U.S. Att'ys</u>, 310 F.3d 771, 776 (D.C. Cir. 2002); <u>see also</u> <u>Juarez v. Dep't of Justice</u>, 518 F.3d 54, 61 (D.C. Cir. 2008) (noting that a court "may rely on government affidavits that show with reasonable specificity why documents withheld pursuant to a valid exemption cannot be further segregated").

The Board's Vaughn index states that it has withheld only the first and last names of the personal visitors, and in two instances, the names of the visitors' organizations.  (Def.'s Mem., Vaughn Index at 1-2.)  The Vaughn Index and the Board's supplementing declaration both explain that the information in the organization column for these two visitors "would reveal the family relationship, and therefore the identity, of the visitor."  (Def.'s Mem., Thro Decl. ¶ 11.)  Because disclosing this information would reveal exempt information, it is "inextricably intertwined" with the withheld names.  <u>See</u> <u>Mead Data</u>, 566 F.2d at 260.  The Board produced to Judicial Watch all other portions of the visitors logs (Def.'s Mem., Thro Decl. ¶¶ 11-12, Vaughn Index at 1-2), and Judicial Watch does not argue that the Board failed to produce any reasonably segregable information.  Thus, the Board has complied with its obligation to disclose all reasonably segregable information.

## CONCLUSION

No material facts are in dispute, and the Board has fulfilled its obligations under the FOIA. Accordingly, the Board's motion for summary judgment will be granted. A final Order accompanies this Memorandum Opinion.

SIGNED this 29th day of March, 2011.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge